**UNITED STATES of America ex rel. Harry LINDSEY**

v.

**David N. MYERS, Superintendent of State Correctional Institution at Graterford, Pennsylvania.**

**No. M–2356.**

United States District Court
E. D. Pennsylvania.

Jan. 15, 1962.

Harry Lindsey in pro per.

James C. Crumlish, Jr., Dist. Atty., Paul M. Chalfin, First Asst. Dist. Atty., Arlen Specter, Asst. Dist. Atty. (Chief, Appeals Division), Louis F. McCabe, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

FREEDMAN, District Judge.

Petitioner seeks by writ of habeas corpus relief from a criminal sentence. On November 14, 1956, he was sentenced by Judge Maurice W. Sporkin in the Court of Quarter Sessions of Philadelphia County, May Sessions 1956, to undergo imprisonment for a period of not less than one year nor more than four years under Bill No. 1362, charging larceny and receiving stolen goods.

Petitioner claims that he was denied due process of law because he was without counsel and was himself unable to protect his rights. He claims that his plea of guilty on which he was sentenced was the product of his inadequate comprehension of what went on.

The records of the Pennsylvania State Board of Parole show that petitioner was paroled from the State Correctional Institution at Graterford on October 30, 1957, at the end of his minimum term under Bill No. 1362. While on parole, on December 4, 1958, he was indicted on Bill No. 810, Court of Quarter Sessions of Philadelphia County, December Sessions 1958, for fraudulently making and uttering a written instrument. On January 5, 1959, he was sentenced on Bill No. 810 for a term of one to four years. At that time he was recommitted under Bill No. 1362 as a parole violator and his new extended maximum term under that Bill expired January 5, 1962. Now that his extended maximum term under Bill No. 1362 expired, he was transferred on January 5, 1962, from the State Correctional Institution at Graterford to the Eastern Correctional Institution at Philadelphia to begin his sentence under Bill No. 810. He is no longer confined, therefore, under Bill No. 1362; under that Bill his maximum sentence has expired. His present confinement is under Bill No. 810.

■ Whatever merit his claim might have regarding the manner in which he came to plead guilty to Bill No. 1362, need not be considered here. Habeas corpus is not available to obtain a judicial determination of questions which do not effect the lawfulness of the prisoner's detention. "It is unquestioned doctrine that only the sentence being served is subject to habeas corpus attack." Darr v. Burford, 339 U.S. 200, 203, 70 S.Ct. 587, 589, 94 L.Ed. 761 (1950).

■ Petitioner is now in custody on a sentence under Bill No. 810, which is not

the subject of his petition and any adjudication we might make regarding the sentence he has fully served under Bill No. 1362, which he attacks, would not affect his confinement.

Petition denied.